## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### AT WHEELING

| | |
|---|---|
| ECLIPSE IP, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:12-CV-160 |
| ) | (Judge Stamp) |
| v. ) | |
| ) | |
| ECCO USA, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### ECCO USA, INC.'s ANSWER

Defendant ECCO USA, Inc. ("ECCO"), its undersigned attorneys, answers plaintiff's complaint as follows:

### ANSWER

1. ECCO admits only that plaintiff purports to bring this action pursuant to 35 U.S.C. § 1, et. seq., and that the Court has subject matter jurisdiction, but denies that this Court has exclusive jurisdiction over the subject matter of the complaint, in response to the allegations in paragraph 1 of the complaint.

2. ECCO is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the complaint.

3. ECCO is without knowledge or information sufficient to form a belief about the truth of the ownership allegations contained in paragraph 3 of the complaint, but admits that copies of the patents identified are attached as exhibits.

4. ECCO admits the allegations in paragraph 4 of the complaint.

5. ECCO denies the allegations in paragraph 5 of the complaint.

6. ECCO denies the allegations in paragraph 6 of the complaint.

7. ECCO denies that venue is proper in this judicial district. In fact, this district has no relationship to either party or to the acts of infringement alleged, and venue should be transferred to the District of New Hampshire if the case is not dismissed altogether.

8. ECCO denies the allegations in paragraph 8 of the complaint.

9. ECCO denies the allegations in paragraph 9 of the complaint.

10. ECCO denies the allegations in paragraph 10 of the complaint.

11. ECCO denies the allegations in paragraph 11 of the complaint.

12. ECCO denies the allegations in paragraph 12 of the complaint.

13. ECCO denies the allegations in paragraph 13 of the complaint.

14. ECCO denies the allegations in paragraph 14 of the complaint.

15. ECCO denies the allegations in paragraph 15 of the complaint.

16. ECCO denies the allegations in paragraph 16 of the complaint.

17. ECCO denies the allegations in paragraph 17 of the complaint.

18. ECCO denies the allegations in paragraph 18 of the complaint.

19. ECCO denies the allegations in paragraph 19 of the complaint.

20. ECCO denies the allegations in paragraph 20 of the complaint.

21. ECCO denies the allegations in paragraph 21 of the complaint.

22. ECCO denies the allegations in paragraph 22 of the complaint.

23. ECCO repeats and realleges the answers to paragraphs 1-22 as if restated here in full.

24. ECCO admits only that the '899 patent is entitled as alleged, and that it is attached to the complaint. ECCO is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24 of the complaint.

25. ECCO denies the allegations in paragraph 25 of the complaint.

26. ECCO repeats and realleges the answers to paragraphs 1-25 as if restated here in full.

27. ECCO admits only that the '239 patent is attached to the complaint. ECCO is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of the complaint.

28. ECCO denies the allegations in paragraph 28 of the complaint.

29. ECCO repeats and realleges the answers to paragraphs 1-28 as if restated here in full.

30. ECCO admits only that the '414 patent is attached to the complaint. ECCO is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the complaint.

31. ECCO denies the allegations in paragraph 31 of the complaint.

32. ECCO repeats and realleges the answers to paragraphs 1-31 as if restated here in full.

33. ECCO admits only that the '952 patent is entitled as alleged, and that it is attached to the complaint. ECCO is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the complaint.

34. ECCO denies the allegations in paragraph 34 of the complaint.

35. ECCO repeats and realleges the answers to paragraphs 1-34 as if restated here in full.

36. ECCO admits only that the '716 patent is entitled as alleged, and that it is attached to the complaint. ECCO is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 of the complaint.

37. ECCO denies the allegations in paragraph 37 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim for which relief may be granted, including but not limited to the fact that plaintiff fails to identify the allegedly infringing methods or systems, fails to state a claim for inducement of infringement, fails to plead sufficient allegations for willful infringement, and otherwise fails to satisfy the pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (207) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### SECOND DEFENSE

On information and belief, the claims of the '899, '239, '414, '952 and '716 patents are invalid for failure to comply with one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

### THIRD DEFENSE

ECCO has not infringed, contributed to the infringement of, or actively induced infringement of, any valid claim in any of the patents asserted by plaintiff.

### FOURTH DEFENSE

Any claim for damages is limited under 35 U.S.C. §§ 286 or 287 and plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**FIFTH DEFENSE**

Plaintiff is barred in whole or in part under principles of equity, including laches, prosecution laches, prosecution history estoppel, waiver, estoppel, and/or unclean hands.

**SIXTH DEFENSE**

Venue is not proper in this district, but even if it were, the case should be transferred to the District of New Hampshire pursuant to the doctrine of *forum non conveniens* and/or the provisions of 28 U.S.C. § 1404.

**SEVENTH DEFENSE**

ECCO hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent through discovery, and hereby reserves the right to amend its answer to assert any such defense.

Dated this 21st day of December, 2012.

*/s/ Gordon H. Copland*
Gordon H. Copland (WVSB No. 828)
  gordon.copland@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
Phone: (304) 933-8000
Facsimile: (304) 933-8183

*Of Counsel:*
Robert H. Stier, Jr.
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101-1110
(207) 791-1100

*Attorneys for Defendant*
*ECCO USA, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 21st, 2012, I electronically filed "**ECCO USA, INC.'S ANSWER**" with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel of record:

    Anthony I. Werner, Esquire
    JOHN & WERNER LAW OFFICES
    Board of Trade Building, Ste. 200
    80-12th Street
    Wheeling, WV  26003
    *Counsel for Eclipse IP, LLC*

          */s/ Gordon H. Copland*
          Gordon H. Copland (WVSB No. 828)
           gordon.copland@steptoe-johnson.com
          STEPTOE & JOHNSON PLLC
          400 White Oaks Boulevard
          Bridgeport, WV 26330
          Phone:  (304) 933-8000
          Facsimile: (304) 933-8183

          *Attorneys for Defendant*
          *ECCO USA, Inc.*